IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

TINA GREEN                                                                                               PLAINTIFF

VS.                                    CASE NO. 1:16CV00047 PSH

CAROLYN W. COLVIN, Acting Commissioner,
   Social Security Administration                                                  DEFENDANT

**ORDER**

     Plaintiff Tina Green ("Green"), in her appeal of the final decision of the Commissioner of the Social Security Administration (defendant "Colvin") to deny her claim for Disability Insurance benefits (DIB), contends the Administrative Law Judge ("ALJ") erred by failing to give the opinion of Green's treating physician, Dr. Matthew Jackson ("Jackson"), any weight. Specifically, Green contends the medical record contains ample evidence of medical findings to support Jackson's opinion, the ALJ erred in concluding her pain was relieved with treatment, and her daily activities were not inconsistent with Jackson's opinion. Green alleges as a second claim for relief that the ALJ's credibility assessment was flawed. The parties have ably summarized the medical records and the testimony given at the administrative hearing conducted on December 9, 2014. (Tr. 90-110). The Court has carefully reviewed the record to determine whether there is substantial evidence in the administrative record to support Colvin's decision. 42 U.S.C. § 405(g). We find merit in Green's arguments. The case must be remanded for further proceedings.

     Green, who was 46 years old at the time of the administrative hearing, has a high school

education and past relevant work beginning in 1986, including employment with the same employer from 1999 until February 2013. She alleges she is disabled due to fibromyalgia, chronic low back pain, depression, and obesity. Pivotal to this case is Jackson's treatment, which began in February 2012, and his opinions, which were offered in a medical source statement in December 2014 and in a June 2015 letter. (Tr. 744-745, 806). Jackson opined Green's fibromyalgia, muscle spasms, and lower back pain would limit her to lifting up to ten pounds, and standing and walking two hours in a work day. Jackson stated his patient would need frequent rest periods, and that she was unable to complete a normal work day or maintain a work routine on a full time basis. He also stated she was unable to reach in all directions, could only occasionally handle, and would miss work more than three days a month. Jackson opined Green could not return to her previous employment, and noted further details might be provided by her fibromyalgia specialist.[1]

**ALJ's Treatment of Jackson's Opinions:** In her February 2015 opinion the ALJ wrote:

> The opinion of her treating physician Matthew Jackson was reviewed and given no weight. Jackson opined that due to fibromyalgia, low back pain and muscle spasms, the claimant is limited to occasionally lifting 10 pounds, standing/walking two hours in an eight-hour workday and unlimited sitting. According to Dr. Jackson, she would need rest breaks to shift positions and could not work full-time. He also opined she would be absent from work more than three days per month. However, his assessment is not supported by the medical evidence.
>
> The claimant's treating records note some crepitus, tenderness, and muscle spasms. However, examination also indicated the claimant has a normal range of motion. The claimant's pain responded to injections, physical therapy, chiropractic treatment, a TENS unit and medications. The record shows that the TENS unit, acupuncture, heat, injections and medications provide relief. [citations omitted]. Additionally, Dr.

---

[1] Green was seen by Dr. Randy Roberts ("Roberts") beginning in March 2012. Roberts was the "fibromyalgia specialist" referenced by Jackson. The assessments and treatments by Roberts, a rheumatologist, were remarkably consistent with Jackson's course of treatment. Roberts opined in June 2015 that Green's fibromyalgia rendered her unable to do physical work, and that "she is disabled on this basis." (Tr. 805).

>Jackson's medical source statement is not consistent with the claimant's adaptive functioning level.

(Tr. 82-83).

A treating physician's medical opinions are given controlling weight if they are "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and are not inconsistent with the other substantial evidence. *See Choate v. Barnhart*, 457 F.3d 865, 869 (8th Cir. 2006) (internal quotations omitted). Here, the ALJ erred in assessing the opinion of Jackson. From February 2012 through March 2016, Green was seen by Jackson on more than thirty occasions. While the ALJ concluded Green responded to treatment and received relief, the medical records do not support these conclusions except in a superficial way. It is more accurate to say that Green occasionally responded and received minor relief at times but continued to struggle with pain throughout the treatment process. Indeed, the medical records are consistent with Jackson's opinions that Green sought a wide variety of treatment options (e.g., acupuncture, physical therapy, chiropractic treatment, and numerous pain medications) without significant improvement. As previously stated, Jackson's depiction of Green's status was mirrored by Roberts, another treating physician who provided regular care (almost thirty visits by Green in 2012-2015 time period). The ALJ does not point to other substantial evidence inconsistent with the findings of Jackson and Roberts. The ALJ assigned "considerable weight" to the opinion of Dr. Kenneth Hobby ("Hobby"). Hobby performed a one-time consultative mental evaluation in November 2013. (Tr. 549-560). This *mental* evaluation does not counter the opinions of Jackson and Roberts, as it does not by its own terms address the physical limitations described by the treating physicians.

In summary, the properly supported opinions of treating physicians are entitled to a level of deference not accorded by the ALJ in this instance.

**Credibility Analysis:** Citing Social Security Rule 96-7p and other relevant authority, the ALJ addressed Green's credibility. Part of the reason for discounting Green's credibility was that her impairments could be controlled by treatment or medication. (Tr. 82). However, this is at odds with the statements of her treating physicians. As a result, the ALJ should not have relied upon this as a factor to find Green less credible. We also note the ALJ did not mention Green's impressive work record in her credibility assessment. She should have done so. In *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984), the Eighth Circuit Court of Appeals set forth a number of factors an ALJ is to consider in assessing credibility. One of these factors is the claimant's work history. Although there is no requirement for an ALJ to mention every pertinent factor when analyzing a claimant's credibility, common sense suggests an exceptional work record enhances credibility and merits some mention. *See Renstrom v. Astrue*, 680 F.3d 1057 (8th Cir. 2012); *Barnes v. Colvin*, 2013 WL 12099415, E.D. Ark. (July 15, 2013) (consistent work record may support credibility but does not automatically entitle a claimant to substantial credibility).

In summary, the ALJ failed to properly consider the opinions offered by treating physicians Jackson and Roberts, and failed to perform an adequate credibility assessment. We remand for further proceedings consistent with this Order.

IT IS THEREFORE ORDERED that the final decision of the Commissioner is reversed and remanded. This remand is a "sentence four" remand within the meaning of 42 U.S.C. § 405(g) and *Melkonyan v. Sullivan*, 501 U.S. 89 (1991).

IT IS SO ORDERED this 20th day of January, 2017.

_____
UNITED STATES MAGISTRATE JUDGE